IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| FAIRVIEW TITANS JR FOOTBALL ASSOCIATION; SHARI LEWIS; SHANNON TOWLER; RACHEL HADLEY; APRIL HARGIS; and MELODY HAYES | ) ) ) ) ) ) |
| v. | ) ) |
| ROGERS ANDERSON, Mayor of Williamson County, Tennessee; and FAIRVIEW RAIDERS YOUTH FOOTBALL & CHEERLEADING PROGRAM a/k/a the Fairview Yellow Jackets[1] | ) ) ) ) ) ) ) |

No. 3-05-0621

TO:   Honorable Aleta A. Trauger, District Judge

## REPORT AND RECOMMENDATION

By order entered February 7, 2006 (Docket Entry No. 29), this case was referred to the Magistrate Judge for case management, decision on nondispositive motions, report and recommendation on dispositive motions, and any necessary proceedings.

Pending is the motion of defendant Anderson for summary judgment and accompanying filings (Docket Entry Nos. 21-27), to which no response has been filed.

For the reasons provided herein, the Court recommends that the motion be GRANTED.

---

[1] By order entered October 17, 2005 (Docket Entry No. 12), the plaintiffs' claims against defendant Fairview Raiders Youth Football & Cheerleading Program a/k/a the Fairview Yellow Jackets were dismissed.

# I. BACKGROUND

Plaintiffs filed this action on August 9, 2005, against defendants Anderson and Fairview Raiders Youth Football & Cheerleading Program a/k/a the Fairview Yellow Jackets ("Yellow Jackets"). The plaintiffs were represented by counsel at that time. By notice issued contemporaneously with the filing of the complaint, the initial case management conference was scheduled on October 20, 2005. On September 20, 2005, defendant Yellow Jackets filed a motion to dismiss (Docket Entry Nos. 10-11). The plaintiffs did not respond to that motion and it was granted by order entered October 17, 2005 (Docket Entry No. 12).

By letter received on October 19, 2005, Jimmy Mangrum, Director of the Fairview Titans Jr. Football Association, advised the Court that the plaintiffs' counsel had informed them that he intended to withdraw as counsel. See Docket Entry No. 13. Therefore, Mr. Mangrum asked that the October 20, 2005, initial case management conference be continued to allow the plaintiffs to obtain new counsel. Upon motion of defendant Anderson (Docket Entry No. 14), the initial case management conference was rescheduled by order entered October 19, 2005 (Docket Entry No. 15), to November 21, 2005. Plaintiffs' counsel moved to withdraw on October 27, 2005, noting that he had "received (sic) Plaintiffs' representative and Defendants' counsel of his intent to withdraw," and requested that the plaintiffs have thirty days to obtain new counsel.

The motion to withdraw was denied by order entered November 1, 2005 (Docket Entry No. 17), and the initial case management conference was held on November 21, 2005, with plaintiffs' counsel participating telephonically. By order entered November 22, 2005 (Docket Entry No. 20), the order denying plaintiffs' counsel's motion to withdraw was vacated, the motion to

2

withdraw was granted, and proceedings in the case were stayed for thirty (30) days to allow the plaintiffs to secure new counsel.

On January 4, 2006, defendant Anderson filed the pending motion for summary judgment. The motion and accompanying filings were served on Mr. Mangrum on January 4, 2006, and on the other plaintiffs on February 7, 2006. See Docket Entry No. 28. By order entered February 7, 2006 (Docket Entry No. 29), the Court noted that no new counsel had entered an appearance on behalf of the plaintiffs and that the plaintiffs had not filed a response to the pending motion for summary judgment. The Court specifically warned the plaintiffs that their failure to respond to the motion for summary judgment could result in summary judgment being granted in favor of defendant Anderson and their claims against him being dismissed.

Despite the Court's explicit warning and despite the plaintiffs' having been given ample time to obtain new counsel and respond to the pending motion for summary judgment, the plaintiffs have not responded to the motion for summary judgment. In fact, the plaintiffs have made no filings in this case since their counsel was permitted to withdraw, although it is clear from Mr. Mangrum's letter received October 19, 2005 (Docket Entry No. 13), that he knows how to communicate with the Court.

## II. PLAINTIFFS' COMPLAINT

At bottom, the plaintiffs assert that defendant Anderson "violated their constitutional rights by denying their equal access to public recreational facilities operated by Williamson County." See Proposed Case Management Order (Docket Entry No. 18), at 3.

In their complaint, the plaintiff Fairview Titans Jr Football Association and parents of children who play football and cheerleading assert that defendant Anderson, the Mayor of

3

Williamson County, has refused to allow them use of public recreational facilities operated by the Williamson County Department of Parks and Recreation but has allowed the Yellow Jackets to use those facilities. Thus, the plaintiffs contend that defendant Anderson has violated the plaintiffs' equal protection rights under the United States Constitution by denying them equal access to public facilities and that there is no rational basis for the disparity in treatment of the plaintiffs and the Yellow Jackets.

The plaintiffs seek a declaration that the denial of access is unconstitutional and injunctive relief directing defendant Anderson, as Mayor of Williamson County, to allow the plaintiffs access to and use of the recreational facilities of Williamson County. The plaintiffs do not seek monetary damages.[2]

### III. DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant Anderson has filed a statement of undisputed material facts (Docket Entry No. 24), to which no response has been filed. Therefore, the Court adopts the undisputed facts as set out therein. Specifically, the Williamson County Parks and Recreation Department ("the Department") has a limited number of facilities available for football and cheerleading activities in the Fairview area. Events and activities at those facilities are scheduled on a "first in time" basis. In other words, the County gives preference to the "first qualified independent private entity that approaches the Department to use the facilities." Docket Entry No. 24, at 5, ¶ 12-13; Docket Entry No. 27. If other persons or organizations want to use the County's public recreational facilities after the "first entity signs up," they are permitted to do so only if the facilities are available based on the

---

[2] The plaintiffs make no specific reference in their complaint to 42 U.S.C. § 1983 or to the Declaratory Judgment Act.

4

"number, use and maintenance of the available areas as well as safety concerns." Docket Entry No. 24, at 5, ¶ 14-15; Docket Entry No. 27.

The Yellow Jackets have been using the Williamson County recreational facilities in Fairview for football and cheerleading for approximately 27 years. The initial request by the Yellow Jackets was made before the plaintiff organization even existed. Because of the number of recreational facilities in the Fairview area, the times available for practice and games, and the maintenance associated with over use of the fields, the Department cannot accommodate two football and/or cheerleading programs because more staff to supervise and maintain the facilities would be required and the Department does not have the necessary funds to pay for increased staff and maintenance. If there were not adequate supervision and maintenance from the increased use of the facilities, the Department or County could be exposed to liability and the citizens of Fairview could be endangered. Finally, members of the plaintiff organization have the opportunity to participate in football and cheerleading by participating in the activities offered by the Yellow Jackets. Docket Entry No. 24, at 8-9 ¶ 26; Docket Entry No. 26.

The defendant argues that there is no protected property or liberty interest in participating in interscholastic activities and no cognizable claim under 42 U.S.C. § 1983. The defendant also argues that the plaintiffs cannot assert a First Amendment right to association that was denied because they were refused access to recreational facilities based on their association in the plaintiff organization, particularly since the members of the plaintiff organization have the opportunity to participate in the same activities offered by the Yellow Jackets.

5

The defendant also argues that there is a rational basis for limiting the use of the recreational facilities and for adopting and maintaining a "first in time" philosophy. Thus, they argue that the plaintiffs cannot prevail on an equal protection claim.

Finally, the defendant contends that the complaint clearly indicates that he is named in his official capacity rather than his individual capacity, and, since the plaintiffs only seek injunctive relief, the plaintiffs' claims should be directed to Williamson County and therefore the claims against defendant Anderson in his official capacity should be dismissed.

## IV. SUMMARY JUDGMENT

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." In order to prevail on a motion for summary judgment, the moving party must demonstrate that no genuine issue of material fact exists and that judgment as a matter of law should be granted in the moving party's favor. Smith v. Hudson, 600 F.2d 60, 63 (6th Cir. 1979).

In considering a motion for summary judgment, the Court must view all facts and inferences to be drawn therefrom in the light most favorable to the non-moving party. Matshushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587-88, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); SEC v. Blavin, 760 F.2d 706 (6th Cir. 1985). Although the moving party has the burden of showing that no genuine issue of material fact exists, the non-moving party, however, may not merely rest on conclusory allegations contained in the complaint, but must respond with affirmative evidence supporting its claim and establishing the existence of a genuine issue of material fact. Celotex Corp.

6

v. Catrett, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Cloverdale Equipment Co. v. Simon Aerials, Inc., 869 F.2d 934, 937 (6th Cir. 1989).

Not every factual dispute between the parties will prevent summary judgment. The disputed facts must be material. They must be facts which, under the substantive law governing the issue, might affect the outcome of the suit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The dispute must also be genuine. The facts must be such that, if they were proven at trial, a reasonable jury could return a verdict for the non-moving party. Id. The disputed issue does not have to be resolved conclusively in favor of the non-moving party, but that party is required to present some significant probative evidence that makes it necessary to resolve the parties' differing versions of the dispute at trial. First National Bank v. Cities Service Co., 391 U.S. 253, 288-89 (1968).

## V. DISCUSSION

As a threshold matter, it appears to the Court that the plaintiffs have asserted only one claim against the defendant, specifically, a claim that the defendant violated their Equal Protection rights by denying them access to the Williamson County recreational facilities while allowing another football/cheerleading organization access and use of the same facilities. The plaintiffs have not specifically asserted a claim under 42 U.S.C. § 1983, they have not asserted a claim based on any right of association, and they have not asserted any claims against the defendant in his individual capacity.

Section 1983 provides the exclusive remedy for constitutional claims brought against city or county officials. See Thomas v. Shipka ("Shipka I"), 818 F.2d 496, 599-504 (6th Cir. 1987), rev'd and remanded on other grounds, 488 U.S. 1036, 109 S.Ct. 859, 102 L.Ed.2d 984 (1989); Deuel v.

7

Dalton, No. 3-06-0234, 2006 WL 2370239 (M.D. Tenn. Aug. 15, 2006) (Trauger, J.). Although it appears that the plaintiffs have attempted to bring an action directly under the Fourteenth Amendment, for the purpose of this case, the Court will assume that the plaintiffs have properly asserted a constitutional claim under 42 U.S.C. § 1983.[3]

The plaintiff named defendant Anderson as the "Mayor of Williamson County," clearly indicating that he was sued in his official capacity. There is absolutely no suggestion that defendant Anderson is sued in his individual capacity. In fact, the plaintiffs have not sought damages, further bolstering the clear inference that he is not sued in his official capacity. See Kentucky v. Graham, 473 U.S. 159, 167 n.14, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985) (the "course of proceedings" usually indicates whether a defendant is sued in his official or personal capacity).

The defendant argues that a suit against Mayor Anderson in his official capacity is a suit against Williamson County. The Court agrees. See id. However, whether defendant Anderson is sued in his official capacity or Williamson County is sued as a defendant, the Court finds that the plaintiffs cannot prevail against either defendant Anderson or Williamson County.

### Equal Protection

To assert violation of the Equal Protection clause of the Fourteenth Amendment to the United States Constitution, the plaintiffs must allege that the defendant intentionally discriminated

---

[3] Essentially, for the purposes of this case, the Court is inferring a section 1983 claim. See Americans United for Separation of Church and State v. School Dist. of the City of Grand Rapids, 835 F.2d 627, 629-631 (6th Cir. 1987), in which the Court of Appeals held that the plaintiffs, who prevailed under the Declaratory Judgment Act seeking injunctive relief for a violation of the Fourteenth Amendment, but who did not mention 42 U.S.C. § 1983 in their complaint, could still seek attorney's fees under 42 U.S.C. § 1988.

8

against them because they are members of a protected class or that the defendant burdened a fundamental right. See Midkiff v. Adams County Regional Water Dist., 409 F.3d 758, 770 (6th Cir. 2005).

When a law or governmental policy affects a protected or "suspect class," or impinges on a "fundamental right," strict scrutiny must be applied to determine if the law or policy is "suitably tailored to serve a compelling state interest." City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 440, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985). See also Hadix v. Johnson, 230 F.3d 840, 843 (6th Cir. 2000). However, if no suspect or quasi-suspect class is involved and no fundamental right asserted, the Court must apply a rational basis test to the law or policy.

The plaintiffs contend in their complaint that there is "no rational basis for this disparity in treatment, and it is not tailored to further any legitimate, substantial, or compelling interest." Therefore, the plaintiffs appear to have attempted to cover both bases.

However, the plaintiffs do not assert that they in any way comprise a suspect or quasi-suspect class. Nor do they allege that there is a fundamental right to access to public recreational facilities to participate in children's football or cheerleading activities. See Golden v. City of Columbus, 404 F.3d 950 (6th Cir. 2005) (no fundamental right to water service).

Therefore, the standard to be used is the rational basis test. The governmental policy is presumed valid unless there is no rational relationship between the disparate treatment and a legitimate governmental purpose. Heller v. Doe, 509 U.S. 312, 320, 113 S.Ct. 2637, 125 L.Ed.2d 257 (1993); Midkiff, 409 F.3d at 770; Hadix, 230 F.3d at 843. Only discrimination that is arbitrary and irrational violates the Equal Protection Clause of the United States Constitution. See Hadix, 230 F.3d at 843. The plaintiffs face a heavy burden to "negate all possible rational justifications for the

9

distinction" between the treatment.  Midkiff, 409 F.3d at 770; Gean v. Hattaway, 330 F.3d 758, 771 (6th Cir. 2003).

The defendant argues that the "'first in time' philosophy" meets the rational basis test. Because there are limited facilities available for football and cheerleading, Williamson County, through the Department of Parks and Recreation, gives preference to the "qualified independent, private entity" that first seeks to use the facilities at issue.  See Docket Entry No. 22, at 3; Docket Entry No. 24, at 5, ¶ 12.  Since the Yellow Jackets first sought to use the facilities, they were permitted to do so and have used the facilities for the past 27 years.  The defendant contends that allowing another entity like the plaintiff association to use the facilities would require additional staff to supervise and maintain the facilities and that budgetary restraints preclude the County from spending additional funds for such purposes.  Correlatively, the defendant contends that, if additional funds were not used to supervise and maintain the facilities, the increased use of the facilities could expose the County to liability and jeopardize the safety of the citizens.

These are rational reasons for the policy at issue, and the plaintiffs have not suggested otherwise.  It is clear that the plaintiffs believe that they have been treated unfairly.  Unfair treatment, if predicated on a rational basis with a legitimate governmental purpose, does not, however, equate to an Equal Protection violation when the plaintiffs are not members of a suspect class and they have not asserted any fundamental right that has been burdened.  See Radvansky v. City of Olmsted Falls, 395 F.3d 291, 312-13 (6th Cir. 2005).

10

Case 3:05-cv-00621   Document 33   Filed 09/11/06   Page 10 of 11 PageID #: 111

## VI.  RECOMMENDATION

For the reasons addressed above, it is respectfully recommend that the motion for summary judgment filed by defendant Anderson (Docket Entry No. 21) be GRANTED, that defendant Anderson be dismissed from this action, and that this case be DISMISSED with prejudice.

Any objections to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of receipt of this notice, and must state with particularity the specific portions of this Report & Recommendation to which objection is made.  Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's order. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully Submitted,

JULIET GRIFFIN
United States Magistrate Judge

11